2434

Evelyn HAZEL, Respondent v. Richard E. HAZEL, Appellant.
(465 S.E. (2d) 776)

Court of Appeals

*Charles S. Goldberg* and *J. Kevin Holmes,* Charleston, *for appellant.*

*Peter D. DeLuca,* Goose Creek, *for respondent.*

Heard Dec. 7, 1995.

Decided Dec. 20, 1995.

HEARN, Judge:

In this divorce action, Richard E. Hazel (the husband) appeals the family court judge's order awarding Evelyn Hazel (the wife) periodic alimony not terminable upon remarriage or modifiable upon changed circumstances as an "other form of

spousal support" under S.C. Code Ann. § 20-3-130(B)(6) (Supp. 1994). We affirm as modified.

The husband and wife separated in December 1992, after twenty-five years of marriage. The husband has been employed by the City of Charleston Police Department for the past twenty-five years and has a vested retirement account with a present value of $345,995.00 The husband testified that there was no mandatory retirement age and that he plans to retire from the Police Department after 40 years of service. The trial court found that the wife was entitled to a percentage of the present value of the retirement account. To prevent the husband from delaying his retirement merely to prevent the wife from receiving her share of the payments, the judge ordered the husband to pay $400.00 per month in alimony not terminable upon the remarriage of the wife or modifiable based on changed circumstances as an "other form of spousal support" under S.C. Code Ann. § 20-3-130(B)(6) (Supp. 1994). The husband was ordered to continue these payments until the wife began receiving payments under the retirement plan.

The husband argues the trial court erred in awarding periodic alimony not terminable upon the remarriage of the wife or modifiable upon a showing of changed circumstances. The wife argues that an award of periodic alimony not terminable upon the remarriage of the supported spouse or terminable or modifiable based on changed circumstances is authorized under S.C. Code Ann. § 20-3-130(B)(6) (Supp. 1994) as an "other form of spousal support." We disagree.

Under S.C. Code Ann. § 20-3-130(B)(1) (Supp. 1994), the court may grant "[p]eriodic alimony to be paid but terminating on the remarriage of the supported spouse or upon the death of either spouse . . . and terminable and modifiable based upon changed circumstances occurring in the future." The court is also given the option of awarding rehabilitative alimony, lump sum alimony, reimbursement alimony, or "such other form of spousal support, under terms and conditions as the court may consider just, as appropriate under the circumstances without limitation to grant more than one form of support." S.C. Code Ann. § 20-3-130(B)(2)-(4), (6) (Supp. 1994).

We do not construe subsection (6) of the alimony statute to empower family court judges to award what is essentially periodic alimony which is not terminable upon death or remar-

riage. Under respondent's innovative theory of the scope of subsection (6), any type of alimony which is by statute modifiable and terminable upon death or remarriage could be made nonmodifiable and nonterminable if the family court judge considered it just. We do not believe that was the General Assembly's intent in enacting subsection (6).

The husband does not object to the wife's entitlement to alimony or to the amount ordered; he objects only to the provision which made the award nonmodifiable and nonterminable. Accordingly, we modify the order to exclude the portion providing that the periodic payments to the wife are not terminable or modifiable based on remarriage or changed circumstances.

Affirmed as modified.

SHAW and CONNOR, JJ., concur.